1  CHARLES P. DIAMOND (SB # 56881)
   LAW OFFICES OF CHARLES P. DIAMOND
2  cdiamond@omm.com
   AMY R. LUCAS (SB # 264034)
3  alucas@omm.com
   1999 Avenue of the Stars, 8th Floor
4  Los Angeles, California  90067-6035
   Telephone:   +1 310 553 6700
5  Facsimile:    +1 310 246 6779

6  RICHARD P LASTING (SB # 53950)
   RICHARD P LASTING LAW OFFICES
7  richardplasting@sbcglobal.net
   315 East 8th Street, Suite 801
8  Los Angeles, CA 90014
   Telephone: +1 213-489-9025
9  Facsimile:  +1 310-626-9677

10  Attorneys for Defendant
    Juan Sanchez

11
    (Additional Counsel on Subsequent Page)
12

13              **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
14                  **WESTERN DIVISION**

15

16  UNITED STATES OF AMERICA,           Case No. 2: 18-CR-172-GW

17              Plaintiff,               **DEFENDANTS' REPLY TO
                                         GOVERNMENT'S OPPOSITION
18       v.                             TO REQUEST FOR PRETRIAL
                                         RULING OF ADMISSIBILITY
19  MICHAEL LERMA, et al.,              AS TO MEDICAL EXAMINER
                                         INVESTIGATOR LEMUS'
20              Defendants.             FACTUAL FINDINGS**

21                                      HEARING DATE: FEB. 25, 2025
                                        TIME:  8:00 AM
22                                      COURTROOM: 10C
                                        HON. GEORGE H. WU
23

24

25

26

27

28

1   MARRI B. DERBY (SB # 107209)
    marri@marriderbylaw.com
2   23 Corporate Plaza Suite 150
    Newport Beach, CA 92660
3   Phone: 949-510-4785; Fax: 949-608-7034

4   Attorneys for Defendant MICHAEL LERMA

5   KENNETH M. MILLER (SB # 151874)
    Kmiller@bmkattorneys.com
6   903 Calle Amanecer, Suite 350
    San Clemente, CA 92673
7   Phone: 949-369-3700; Fax: 949-496-6753

8   RICHARD G. NOVAK (SB # 149303)
    Richard@RGNLaw.com
9   P. O. Box 5549
    Berkeley, CA 94705
10  Phone: 626-578-1175; Fax: 626-685-2562

11  Attorneys for Defendant CARLOS GONZALEZ

12  SHAUN KHOJAYAN (SB # 197690)
    shaun@khojayan.com
13  515 S. Flower St., 19th Floor
    Los Angeles, CA 90071
14  Phone: 310-274-6111; Fax 310-274-6211

15  DANIEL A NARDONI (SB # 94201)
    dan@nardonilaw.net
16  215 North Marengo Avenue Suite 328
    Pasadena, CA 91101
17  Phone: 626-578-9872; Fax: 626-578-9873

18  Attorneys for Defendant JOSE VALENCIA GONZALEZ

19

20

21

22

23

24

25

26

27

28

1        **DEFENDANTS' REPLY AS TO LEMUS FACTUAL FINDINGS**

2        At the February 19, 2025 pretrial conference, the government largely

3    conceded the admissibility of the official records subject to defendants request of an

4    advance evidentiary ruling [Dkt. No. 1582], ostensibly on the grounds stated in the

5    Court's tentative ruling [Dkt. No. 1599]. *See* Feb. 19, 2025 Tr. at 37-38. It

6    preserved its objection, for later argument, to the admissibility of that portion of the

7    Medical Examiner's file (Ex. 4001) finding, based on statements made to the

8    Medical Examiner investigator by MDC-LA Lt. Wilson, that the decedent, Steve

9    Bencom, "was last known alive at approximately 0430 hours [on June 29, 2025]."

10   The Court got it right in its tentative when it admitted the entirely of the report,

11   including that finding. We submit this reply only to briefly reply to the

12   government's arguments that it got it wrong.

13       Whether based on independent investigation or statements of others, the

14   determination of "last seen alive" is as much a "factual finding[] from a legally

15   authorized investigation," Fed. R. Evid. 803(8)(A)(iii), as the decedent's positive

16   finger-print identification, the fact of family notification, and his status as "a 39-

17   year-old man with no pertinent medical information." Ex. 4001, at 20-21.

18   Investigator Lemus made each finding based on information related to him by

19   others. The hearsay source behind an official "factual finding" does not make that

20   part of the official record any less admissible. *See Griffin v. Condon*, 744 Fed.

21   Appx. 925, 930–31 (6th Cir. 2018) (investigative finding concerning conduct of

22   prison guards and their treatment of inmates no less an official record because

23   author relied on complaints that prisoners made against prison staff); *Owens v. City*

24   *of Philadelphia*, 6 F. Supp. 2d 373, 377 n.3 (E.D. Pa. 1998) (nurses' statements

25   contained in report concerning the actions of detention center officer after

26   prisoner's suicide were "factual findings" because they were iterated in support of

27   investigator's conclusion that officer "failed to take proper and decisive action").

28   Instead, the determinative fact is whether the finding is one that applicable law

- 3 -                          DEFENDANTS' RESPONSE RE: LEMUS
                                     FACTUAL FINDINGS

1    mandated or entitled the investigator to make.

2         Here, California law required the Medical Examiner's to "inquire into and

3    *determine the circumstances*, manner, and cause of all violent, sudden, or unusual

4    deaths; . . . known or suspected homicide [and] deaths in prison or while under

5    sentence" by "ascertain[ing] as many as possible of the facts required by this

6    chapter."  Cal. Gov't Code § 27491(a) (emphasis added); Cal. Health & Safety §

7    102855.  "Last known alive" is an essential finding that can affect, if not underpin,

8    the Medical Examiner's mandated findings as to manner, cause and time of death.

9    *See, e.g.*, J. Prahlow, *Forensic Pathology for Police, Death Investigators,*

10   *Attorneys, and Forensic Scientists*, at 55 (2010) (emphasis added) ("[In addition to

11   medical history, employment status, etc.] … [o]ther items of importance include the

12   time that the death was officially pronounced, where the person died, whether or

13   not an injury occurred, the position of body, the condition of the body, evidence of

14   postmortem changes, environmental information, and *when and where the person*

15   *was last known to be alive*.").

16        Lack of personal knowledge has never undone the hearsay exception for

17   official records.  *See Alexander v. CareSource*, 576 F.3d 551, 562–63 (6th Cir.

18   2009) ("lack of personal knowledge is not a proper basis for exclusion of a report

19   otherwise admissible under Rule 803(8)"); *Kehm v. Procter & Gamble Mfg. Co.*,

20   724 F.2d 613, 618 (8th Cir. 1983) (studies of federal and state health entities are

21   factual findings although officials conducting the studies lacked firsthand

22   knowledge of collected data); *Robbin v. Whelan*, 653 F.2d 47, 52 (1st Cir. 1981)

23   (report a public record although data compilation info was reported by public

24   officials who neither personally produced the figures nor verified their accuracy).

25        In any event, Lt. Wilson's statements are not hearsay.  Federal Rule of

26   Evidence 801(d)(2) provides that an opposing party's statement "is not hearsay" so

27   long as it is made by a person who was "authorized to make a statement on the

28   subject" and/or "made by the party's agent or employee on a matter within the

- 4 -                    DEFENDANTS' RESPONSE RE: LEMUS
                                          FACTUAL FINDINGS

1    scope of that relationship and while it existed[.]"  Fed. R. Evid. 801(d)(2)(C), (D).

2    As we noted in our Request, the United States is a party to this criminal proceeding,

3    making authorized agents of the federal Bureau of Prisons the government's agent

4    or employee for party admission purposes.  Indeed, the Bureau of Prisons is part of

5    the same U.S. Department of Justice bringing this prosecution.[1]

6         The Government misleadingly construes *United States v. Mirabal* as limited

7    to plea agreements and sentencing memoranda written by DOJ lawyers when

8    offered against the government in a criminal case.  That is absurdly narrow.

9    *Mirabal* recognized the *general principle* that, in criminal cases brought by the

10   government, the party-opponent exception applies to any material statement made

11   by the "relevant and competent section of the government," not just by fellow

12   prosecutors.[2]  *United States v. Van Griffin* illustrates application of this general

13   principle.  There, the Ninth Circuit held that a United States Department of

14   Transportation manual on field sobriety testing was admissible against the

15   government as an admission of a party opponent in a drunk driving case because it

16   was developed by the "relevant and competent section of the government."  874

17   F.2d 634, 638 (9th Cir. 1989).[3]

18

---

[1] The DOJ's "Organization, Mission and Functions Manual" states that "the separate components
of the Department [of Justice] . . . include the United States Attorneys, who prosecute offenders
and represent the United States Government in court; . . . and the Federal Bureau of Prisons,
which confines convicted offenders." https://www.justice.gov/doj/organization-mission-and-functions-manual

[2] Even were *Mirabal* limited to statements made by the Department of Justice, the Bureau of
Prisons is a part of the Department of Justice.  The Department of Justice's "Organization,
Mission and Functions Manual" states: "This manual contains the official organization charts and
mission and functions statements of the separate components of the Department [of Justice].
These include the United States Attorneys, who prosecute offenders and represent the United
States Government in court; . . . and the Federal Bureau of Prisons, which confines convicted
offenders."  U.S. Dep't of Justice, Organization, Mission, and Functions Manual,
https://www.justice.gov/doj/organization-mission-and-functions-manual (last accessed Feb. 20,
2025).

[3] The government tries to distinguish *Van Griffin* by urging that Rule 801(d)(2) is
limited to written publications.  That is plainly untrue.  *See* Fed. R. Evid. 801(a)
("'Statement' means a person's oral assertion, written assertion, or nonverbal
conduct, if the person intended it as an assertion.") (emphasis added).  *See also*

- 5 -                    DEFENDANTS' RESPONSE RE: LEMUS
                        FACTUAL FINDINGS

1    The same is true here.  The Bureau of Prisons, charged with the

2    "safekeeping" and "protection" of its inmates, is the "relevant and competent

3    section of the government" to speak to the status and location of the inmates it

4    supervises.  *See* 18 U.S.C. § 4042(a)(2), (3).  And any statements made by Lt.

5    Wilson regarding Bencom's location or condition were made on matters he was

6    authorized to speak to and within the scope of his employment, on behalf of the

7    "relevant and competent section of the government" that watches over federal

8    inmates.  As such, his statements are of a party-opponent and therefore not hearsay.

9    *See* Fed. R. Evid. 801(d)(2)(C), (D).

10    Ultimately, the rationale for the admissibility of factual findings contained in

11    public records lies in their fundamental trustworthiness.  Justification for the

12    exception is "the assumption that a public official will perform his duty properly

13    and the unlikelihood that he will remember details independently of the record."

14    Fed. R. Evid. 803(8) advisory committee note (citing *Wong Wing Foo v. McGrath*,

15    196 F.2d 120 (9th Cir. 1952)).  The BOP employees and the Medical Examiner's

16    employees should be credited with this presumption of trustworthiness.  The

17    Medical Examiner's file on the Bencom inquiry is admissible in its entirety as a

18    public record.

19    For these reasons, the Court's tentative should stand.

20

21

22

23

24

25

26

27    *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (prior statements made
by government's witness contained in Federal Food and Drug Administration
28    documents admissible in criminal case as statements of a party-opponent).

DEFENDANTS' RESPONSE RE: LEMUS
FACTUAL FINDINGS

1    Dated:  February 21, 2025

2                                                    Respectfully submitted,

3                                                    RICHARD P. LASTING
                                                     CHARLES P. DIAMOND
4                                                    AMY R. LUCAS

5
                                                     By: /s/ Charles P. Diamond
6
                                                     Charles P. Diamond
7                                                    Attorneys for Defendant
                                                     Juan Sanchez
8
                                                     On Behalf of Defendants Michael Lerma,
9                                                    Carlos Gonzalez, Jose Valencia Gonzalez
                                                     and Juan Sanchez
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE RE: LEMUS
                                                     FACTUAL FINDINGS