JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
KELLYE NG (Cal. Bar No. 313051)
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorneys
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238/8408/7962
     Facsimile: (213) 894-0142
     E-mail:    kyle.kahan@usdoj.gov
                kellye.ng@usdoj.gov
                jason.gorn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-CR-00172(A)-GW-1, 6, 7, 8 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF LODGING OF OPPOSED [PROPOSED] FINDINGS OF FACT REGARDING EMPANELMENT OF AN ANONYMOUS JURY |
| v. | |
| MICHAEL LERMA, *et al.*, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan, Kellye Ng, and Jason Gorn hereby proposes additional findings of fact regarding the Court's order to empanel an anonymous jury.

//
//
//
//
//

(Dkt. 1525; Feb. 10, 2025 Sealed Pretrial Conf. Hrg. Tr.; Feb. 19, 2025 Sealed Hrg. Tr.)

Dated: February 24, 2025             Respectfully submitted,

                                     JOSEPH T. MCNALLY
                                     Acting United States Attorney

                                     LINDSEY GREER DOTSON
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                     ____/s/_____
                                     KELLYE NG
                                     KYLE W. KAHAN
                                     JASON A. GORN
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**PROPOSED FINDINGS OF FACT**

The Court finds that an anonymous jury panel is necessary because there is strong reason to believe the jury needs protection, and to safeguard the integrity of the justice system so that the jury may perform its factfinding function. See United States v. Shryock, 342 F.3d 948, 971-73 (9th Cir. 2003). The Court will adopt reasonable safeguards to minimize any risk of infringement upon the fundamental rights of the accused, including by providing the names of the prospective jurors under an Attorneys' Eyes Only designation, and the prospective jurors will not be told that they are being kept anonymous.

This Court has recognized the need for jury protection based on the following combination of factors:

    1.   The Defendants' Involvement with Organized Crime

Here, defendant Michael Lerma is alleged to be a high-ranking member of the Mexican Mafia, an extraordinarily violent organized criminal enterprise. Co-defendants Jose Valencia Gonzalez, Carlos Gonzalez, and Juan Sanchez are alleged to be defendant Lerma's close, trusted associates, who are charged with carrying out a murder of another inmate at the Metropolitan Detention Center of Los Angeles pursuant to defendant Lerma's orders. As this Court has previously found, the allegations concern a high point of dangerousness within a federal facility and the murder of someone who was under federal protection. (See Feb. 10, 2025 Hrg. Tr. at 132:21-25, 133:1-13; Feb. 19, 2025 Hrg. Tr. at 39:22-25, 40:1-2.)

//
//
//

### 2. Defendants' Participation in a Group with the Capacity to Harm Jurors

The record shows defendants' involvement on behalf of the Mexican Mafia in at least one murder within a federal facility, and conspiracy to murder another inmate during court appearances associated with an extensive Mexican Mafia-related takedown resulting from the indictment in Docket No. 2:18-CR-00173-GW. While the Court has since dismissed the kidnapping allegations, the First Superseding Indictment originally charged defendants Carlos Gonzalez and Juan Sanchez with kidnapping C.V., conspiring to murder C.V., and carrying firearms in furtherance of committing a crime of violence.

Additionally, defendant Jose Valencia Gonzalez is charged with a Violent Crimes in Aid of Racketeering count based on his assault with a deadly weapon of victim M.A. when he allegedly shot M.A. during an attempted carjacking. The record shows that co-conspirator Seferino Gonzalez directed another co-conspirator, Kelly DeShannon, to not tell anyone of the assault on M.A.

Overall, the Mexican Mafia is a group with the capacity to harm jurors.

### 3. Defendants' Past Attempts to Interfere with the Judicial Process or Witnesses

On or about February 2, 2025, this Court was notified that defendants Jose Valencia Gonzalez and Juan Sanchez were alleged to have possessed a contraband cellular phone while in custody awaiting trial in the instant matter, and just approximately two days before their transport to the originally scheduled pretrial conference on February 3, 2025. The United States Marshals Service did not transport defendants Jose Valencia Gonzalez and Juan Sanchez to the

February 3, 2025 as a precaution to ensure the safety of the transport officers.

The alleged possession of contraband in prison in close proximity of time with transport to court and before the jury trial suggests an interference with the judicial process.

Moreover, the First Superseding Indictment alleges the Mexican Mafia's promotion of a climate of fear, particularly among rival gang members, potential witnesses to the gang's criminal conduct, and Hispanic gang members, residents, or others who may cooperate with law enforcement, through acts of violence and threats to commit acts of violence.  (Dkt. 691 at 15-16.)

        4.   <u>The Potential that Defendants Will Suffer a Lengthy Incarceration if Convicted</u>

Here, defendants face a possibility of life imprisonment should they be convicted on all counts.

        5.   <u>Extensive Publicity that Could Enhance the Possibility that Jurors' Names Would Become Public and Expose Them to Intimidation or Harassment</u>

The instant case has previously received publicity, particularly regarding the alleged murder at the Metropolitan Detention Center of Los Angeles.

//
//
//
//
//
//
//
//

3

Accordingly, the Court adopts these findings of fact to empanel an anonymous jury. In an abundance of caution, however, the Court has agreed to provide the prospective jurors' names under an Attorneys' Eyes Only designation.

_____  _____
DATE                             HONORABLE GEORGE H. WU
                                 UNITED STATES DISTRICT JUDGE

Presented by:


*/s/ Kellye Ng*
_____
KELLYE NG
Assistant United States Attorney

4