JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
KELLYE NG (Cal. Bar No. 313051)
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorneys
    1400/1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238/8408/7962
    Facsimile: (213) 894-0142
    E-mail:   kyle.kahan@usdoj.gov
              jason.gorn@usdoj.gov
              kellye.ng@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-CR-00172(A)-GW-1 |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S OPPOSITION TO DEFENDANT MICHAEL LERMA'S MOTION TO ADMIT TESTIMONY FROM INMATE WITNESS ALFONZO TOLBERT (DKT. 1695)</u> |
| v. | |
| MICHAEL LERMA, *et al.*, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan, Kellye Ng, and Jason A. Gorn, hereby files its opposition to defendants Michael Lerma's motion to "allow the non-hearsay testimony of Alfonzo Tolbert." (Dkt. 1695.)

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 23, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Kellye Ng*
KYLE W. KAHAN
KELLYE NG
JASON A. GORN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION AND DEFENDANT LERMA'S PROFFERED STATEMENTS**

While trial is underway, defendant Michael Lerma seeks to admit hearsay testimony from inmate witness Alfonzo Tolbert ("Tolbert"). (Dkt. 1695.)  Defendant proffers two statements:

> (1) sometime after 2019, co-defendant Cheryl Perez ("Perez") allegedly asked Tolbert whether he knew that defendant Lerma was her husband; and
>
> (2) some unknown time later, defendant Lerma allegedly told Tolbert that Perez "is not my wife.  Stay away from her.  She is bad news."

(Id. at 2.)  On or about Tuesday, March 18, 2025, this Court orally denied defendant Lerma's motion to admit Tolbert's testimony.  On Friday, March 21, 2025, defendant Lerma orally renewed his motion and provided no additional facts or law in support of the motion.

**II.  ARGUMENT**

The two statements that defendant proffers should be excluded because they are inadmissible hearsay under Federal Rule of Evidence 802.  They are further irrelevant and should also be excluded under Rule 403 because they would confuse the issues, mislead the jury, and waste the jury's time.

**A.  Hearsay**

**1.  Perez's Alleged Statement that Defendant Lerma was Her Husband**

"[A] party is prohibited from introducing a statement made by an out-of-court declarant when it is offered at trial to prove the truth of the matter asserted."  United States v. Torres, 794 F.3d 1053, 1059 (9th Cir. 2015); Fed. R. Evid. 801(c), 802.  If offered "for any

purpose other than the truth of whatever the statement asserts," an out-of-court statement is not hearsay. United States v. Lopez, 913 F.3d 807, 826 (9th Cir. 2019). A non-hearsay statement may be excluded if the underlying purpose for its admission is not relevant or overly prejudicial. Fed. R. Evid. 402, 403.

Perez's alleged statement is hearsay. It is Perez's out-of-court statement that defendant Lerma seeks to admit through another inmate witness, Tolbert. Defendant argues that "Perez falsely claimed they were married," thus showing that defendant Lerma seeks to admit Perez's statement for the truth of the matter asserted: namely, that she apparently lied about them being married. (Dkt. 1695 at 2.) Further, there is no relevance if sought to admit for a non-hearsay purpose, as the impact of the statement on Tolbert – a witness unrelated to this trial or the underlying investigation – has no bearing on any facts presented at trial or the charged offenses. Fed. R. Evid 402, 403.

2. Defendant Lerma's Alleged Response

Defendant Lerma contends that when Tolbert told him that he met his wife, Perez, defendant Lerma allegedly responded, "She is not my wife. Stay away from her. She is bad news." (Dkt. 1695 at 2.)

Defendant's own statements that he seeks to introduce are inadmissible hearsay because they are his own out-of-court statements. Lerma's statement "She is not my wife" is being offered for the truth of the matter asserted, namely, defendant Lerma's assertions that Perez was not actually his wife and that she is "bad news."

Defendant Lerma argues that the statement is not hearsay because it is being offered to show his state of mind and "strongly suggests

2

that he did not consider her his wife and viewed her as problematic," which in defendant's view, rebuts the government's theory that Perez was defendant Lerma's secretary.  (Dkt. 1695 at 3.)  However, this argument further reflects defendants' intention to offer the statement for the truth of the matter asserted (that Perez was not defendant Lerma's wife).  Moreover, there may have been many reasons why defendant Lerma could have had a negative response toward Perez sometime after 2019, which was after the large takedown in the case in which both Perez and defendant Lerma were arrested.

Additionally, Tolbert lacks the foundation and personal knowledge to opine on what defendant Lerma meant by his response. Defendant Lerma's alleged statement to Tolbert should be excluded.

**B.  The Statements are Not Relevant and Should Be Excluded Under Rule 403**

Even if the Court finds that the two alleged statements are not hearsay, they should still be excluded under Rules 402 and 403.  As the evidence at trial has shown, Perez acted as defendant Lerma's Senora in, at least, 2012 through 2014.  The evidence at trial has included defendant Lerma's inmate trust records from 2012 through 2014, jail recordings of Perez and Seferino Gonzalez in 2013, discussion of taxation activities in and around the City of Pomona in 2013, and a search of Perez's home in 2013.  The evidence relating to Perez and defendant Lerma's relationship has thus dated back to 2014 – at least five years before the hearsay statements that defendant Lerma seeks to introduce.  Nothing about the statements made in 2019 or later have any bearing upon defendant Lerma's and Perez's relationship in 2014 or earlier.  The relationship between defendant

3

Lerma and Perez has not been explored or argued at trial. It thus has no relevance. Accordingly, the statements should be excluded.

### C.   If the Court Allows Tolbert to Testify, the Government Should be Allowed to Impeach Him Under Rule 609

Under Federal Rule of Evidence 609(a)(1)(A), a witness's prior felony conviction "must be admitted, subject to Rule 403, in a . . . criminal case in which the witness is not a defendant" and less than 10 years have passed since the conviction or release from confinement, whichever is later. Fed. R. Evid. 609. Rule 609(a)(1) was crafted to "allow use of felonies generally, without regard to the nature of the particular offense" in impeaching a witness. Committee Notes to Rule 609.

When balancing the probative value of a prior conviction against its prejudicial effect under Rule 609(a)(1) and (b), the Court should consider the following five factors: (1) the impeachment value of the prior crime; (2) the point in time of the conviction; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the centrality of the witness's credibility. United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 2000) (citing United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987)).

If the Court were to admit inmate witness Tolbert's testimony, the government seeks to impeach him under Rule 609(a) with five of his relevant and recent prior felony criminal convictions.

1. Assault with Bodily Injury of Another Inmate
   a. In 2022, Tolbert was sentenced to 51 months' imprisonment for assaulting another inmate resulting

4

                in bodily injury. That sentence was consecutive to the sentence he was already serving.

       b. In connection with this case, Tolbert was also ordered to pay $85,000 in restitution to the Bureau of Prisons.

2. Felon-in-Possession of Three Firearms

       a. In 2019, Tolbert was sentenced to 54 months' imprisonment.

3. First-Degree Residential Burglary, Receipt of Stolen Property, and Conspiracy to Commit Burglary

       a. On or about May 20, 2015, Tolbert was sentenced to five-years' imprisonment for first-degree residential burglary, two-years imprisonment for receipt of stolen property, and four-years imprisonment for conspiracy to commit burglary.

**III. CONCLUSION**

    For these reasons, the government respectfully asks this Court to maintain its prior holding and exclude the testimony of Alfonzo Tolbert. Should the Court admit his testimony—-which the government maintains is inappropriate--the government requests to impeach him with the five aforementioned felony convictions.