

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 8 2025

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 18-172-GW |
| | ) | |
| Plaintiff, | ) | **FINAL JURY INSTRUCTIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL LERMA, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

### Final Jury Instructions

*United States v. Michael Lerma, Carlos Gonzalez, Juan Sanchez, and Jose Valencia Gonzalez, Case No. 18-cr-0172*

## I. Introductory Instructions

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions has been provided to you for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

This is a criminal case brought by the United States government. The First Superseding Indictment ("Indictment") charges defendants Michael Lerma, Carlos Gonzalez, Juan Sanchez, and Jose Valencia Gonzalez with violations of federal criminal law.

The Indictment simply describes the charges the government brings against the Defendants. The Indictment is not evidence and does not prove anything.

Each Defendant has pleaded not guilty to the charges and is presumed innocent unless and until the Government proves that Defendant guilty beyond a reasonable doubt. In addition, each Defendant has the right to remain silent and never has to prove innocence or present any evidence.

Count One charges each Defendant with conspiring to violate the federal Racketeer Influenced and Corrupt Organizations Act, also known as "RICO."

Count Seven charges all four Defendants with first degree murder in aid of a racketeering enterprise.

Count Eight charges all four Defendants with first degree murder within the special maritime and territorial jurisdiction of the United States.

Count Ten charges defendants Michael Lerma and Jose Valencia Gonzalez with conspiracy to distribute and possess with intent to distribute controlled substances.

Count Seventeen charges defendant Jose Valencia Gonzalez with being a felon in possession of a firearm and/or ammunition.

Count Eighteen charges defendant Carlos Gonzalez with being a felon in possession of a firearm and/or ammunition.

Count Nineteen charges defendant Juan Sanchez with being a felon in possession of a firearm and/or ammunition.

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that a Defendant did not testify.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:
(1)     the sworn testimony of any witness;
(2)     the exhibits received in evidence; and
(3)     any facts to which the parties have agreed.

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

In reaching your verdict you may consider only the testimony of witnesses, the exhibits received into evidence, and any facts to which the parties have agreed. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you

decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You are here only to determine whether a Defendant is guilty or not guilty of the charges brought against him in the Indictment. A Defendant is not on trial for any conduct or offense not charged in the Indictment.

At the beginning of the trial, I described a number of charges that were brought against the Defendants. At this time and for reasons that need not concern you, certain charges are no longer before you. Do not speculate about why those charges are no longer part of this trial and do not consider them for any purpose in your deliberations.

A separate crime is charged against one or more of the Defendants in each count. The charges have been joined for trial. You must decide the case of each Defendant on each crime charged against that Defendant separately. In doing so, you must determine which evidence in the case applies to each Defendant, disregarding any evidence admitted solely against some other Defendants. Your verdict on any count as to any Defendant should not control your verdict on any other count or as to any other Defendant. The fact that you may find one of the Defendants guilty or not guilty should not control your verdict as to any other Defendants.

All the instructions apply to each Defendant and to each count unless a specific instruction states that it applies only to a specific Defendant and/or only to a specific count.

You have heard recordings which have been received in evidence. You were given transcripts of the recordings to help you identify speakers and as a guide to help you listen to the recordings. However, as I have earlier instructed you, the recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling. After the recordings have been played, the transcripts were taken from you.

You have heard recordings some of which contained parts which were in a language other than English. Each of you were given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.
Although some of you may know the foreign language used in the recording, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

You have heard testimony that a Defendant made certain statements. It is for you to decide: (1) whether the Defendant made the statement(s), and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement(s), including the circumstances under which the Defendant may have made it.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.
In addition to those factors, in evaluating eyewitness identification testimony, you may also consider the following:

(1)     the capacity and opportunity of the eyewitness to observe the suspect based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2)     whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3)     any inconsistent identifications made by the eyewitness;

(4)     the witness's familiarity with the subject identified;

(5)     the strength of any earlier and later identifications;

(6)     lapses of time between the event and the identification[s]; and

(7)     the totality of circumstances surrounding the eyewitness's identification.

You have heard from the following witnesses who admitted to having prior felony convictions. You may consider those convictions – each of which were punishable by imprisonment for more than one year – in deciding whether or not to believe each of those witnesses and how much weight to give to their testimony. Those witnesses and their felony convictions are:

(1) Mark Landeros (or "M.L."): convicted of First-Degree Robbery, Grand Theft

Auto, Felon in Possession of a Firearm, and RICO Conspiracy;

(2) Ryan Tawa (or "R.T."): convicted of Possession with Intent to Distribute Methamphetamine;

(3) Joseph Jordan (or "J.J."): convicted of Possession with Intent to Distribute Methamphetamine;

(4) Rane Melkom (or "R.M."): convicted of Conspiracy to Distribute Methamphetamine and MDMA, Possession of a Firearm in Connection with a Drug Trafficking Offense, Conspiracy to Commit Mail Theft and to Possess Stolen Mail, and Money Laundering;

(5) Andrew Jackson (or "A.J."): convicted of Possession with Intent to Distribute Cocaine Base, Conspiracy to Possess with Intent to Distribute Methamphetamine, and Possession with Intent to Distribute Methamphetamine; and

(6) Jose Martinez (or "J.M."): convicted of Conspiracy to Engage in Racketeering Activities, Conspiracy to Distribute Controlled Substances, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

Additionally, you have heard testimony from Mark Landeros, Ryan Tawa, Joseph Jordan, Andrew Jackson, Rane Melkom, and Jose Martinez, witnesses who previously received favored treatment from the government in their cases in connection with this case, and who may or may not receive additional favored treatment from the government in their cases in the future in connection with this case.

You have also heard testimony from Jose Martinez, a witness who:

(1) admitted being an accomplice to one of the crimes charged in the Indictment related to activities in and around the City of Pomona in 2013, 2014, and 2015. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime; and

(2) pleaded guilty to a crime arising out of the same events in the City of Pomona for which one or more Defendant is on trial.

That admission and guilty plea are not evidence against any Defendant, and you may consider them only in determining Jose Martinez's believability.

For these reasons, in evaluating the testimony of Mark Landeros, Ryan Tawa, Joseph Jordan, Andrew Jackson, Rane Melkom, and Jose Martinez, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of those witnesses with greater caution than that of other witnesses.

During the course of the trial, there were references to "experts" and "opinions." In that regard, there are three types of testimony. The first is fact testimony. Fact testimony is based on what the witness personally saw, heard, or did. The criteria for weighing the testimony of fact witnesses has been described above on page 3. The second type of testimony is opinion testimony based on the specialized knowledge, skill, experience, training, or education of the witness. The third is what is called "lay opinion testimony."

As to the opinion testimony from a qualified expert based on the witness's specialized knowledge, skill, experience, training, or education, you should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or

education, the reasons given for the opinion, and all the other evidence in the case.

As to the lay opinion testimony, this testimony is based on inferences drawn from the witness's direct perceptions and must be rationally based on those perceptions and not on speculation or what someone else has said. You should judge this testimony like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves. When considering lay opinion testimony, however, you should not give it any extra credence based on the specialized knowledge, skill, experience, training, or education of this witness.

You also should consider whether the witness testified to personal observations or involvement as a fact witness, testified about a lay opinion based on the witness's perceptions, or testified to an opinion based on specialized knowledge, skill, experience, training, or education. When a witness provides opinion testimony based on knowledge, skill, experience, training, or education, that person might rely on facts that are not based on his or her personal observations or involvement, but that opinion cannot serve as proof of the underlying facts.

Also, the fact that a witness is allowed to express opinions based on that person's specialized knowledge, skill, experience, training, or education should not cause you to give that witness undue deference for any of aspect of that person's testimony or otherwise influence your assessment of the credibility of that witness.

During the trial, the following witnesses were designed and recognized by the Court as providing expert testimony: Devon Self, Amanda Bakker, Delio Gonzalez, Dr. Lawrence Nguyen, Phil Teramoto, Trevor Twitchell, Matthew Wilde, Dr. Judy Melinek, Brandie Christian, Jaclyn Garfinkle, and Dr. Mohini Ranganathan.

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## II. Instructions as to Particular Crimes

### A. General Instructions

The Indictment charges that certain crimes were committed "on or about" a certain date. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the dates charged.

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that a Defendant committed the crimes charged in the Indictment. The Defendant must be a participant and not merely a knowing spectator. But the Defendant's presence may be considered by the jury along with other evidence in the case.

Counts One and Ten of the Indictment charge some or all of the Defendants with conspiring to commit other specified crimes. Before I state and explain the elements of those conspiracy offenses, I will first provide some general instructions on the crime of conspiracy. These instructions apply with equal force to Counts One and Ten of the Indictment.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the Indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. Unless as otherwise indicated, the government is not required to prove that the Defendant knew that his acts or omissions were unlawful. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

You must decide whether the conspiracies charged in Counts One and/or Ten of the Indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged in the Indictment did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that a Defendant was not a member of the charged conspiracy, then you must find that Defendant not guilty as to Counts One and/or Ten, even though that Defendant may have been a member of some other conspiracy.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a Defendant did not directly conspire with all of the other conspirators in the overall scheme, the Defendant has, in effect, agreed to participate in the conspiracy if the Government proves each of the following beyond a reasonable doubt:

(1)    that the Defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)    that the Defendant knew or had reason to know that other conspirators were

involved with those with whom the Defendant directly conspired; and

(3)    that the Defendant had reason to believe that whatever benefits the Defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor and/or for a short period of time.

A conspiracy may be proven by circumstantial evidence or direct evidence, and may exist without a formal agreement.

In determining whether a Defendant was a member of a charged conspiracy, you may consider and weigh all of the evidence presented at trial, including, without limitation, a Defendant's own conduct and actions, a Defendant's own statements and declarations, and the acts and statements of other alleged co-conspirators that were made during the course of the conspiracy and in furtherance of it.

The government is not required to prove that the parties to, or members of, the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

Before being convicted of conspiracy, an individual must conspire with at least one co–conspirator.

### B.  Count One – Conspiracy to Conduct and/or Participate in a RICO Enterprise

Each of the four Defendants is charged in Count One of the Indictment with conspiracy to conduct and/or to participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity (a "RICO conspiracy"), in violation of 18 U.S.C. § 1962(d), beginning on an unknown date and continuing up to October 14, 2021.

In order for a Defendant to be found guilty of a RICO conspiracy, the Government must prove each of the following elements beyond a reasonable doubt:

(1)    there was an agreement between two or more persons that an enterprise, namely, the Michael Lerma Cell of the Mexican Mafia, a part of the Mexican Mafia under the control of Michael Lerma with operations within various locations including (but not limited to) the Los Angeles Metropolitan Detention Center and the City of Pomona, California would exist, as alleged in the Indictment;

(2)    the enterprise would engage in, or its activities would affect, interstate or foreign commerce;

(3)    there was an agreement between two or more persons to conduct or to participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity;

(4)    the Defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

(5)    the Defendant knew or contemplated that one or more members of the conspiracy, not necessarily the Defendant, would commit at least two acts of racketeering in furtherance of the conspiracy.

For purposes of Count One, the Government does not have to prove that any conspirator committed an overt act in furtherance of the illegal agreement.  The Government also does not

have to prove that any racketeering acts were actually committed at all. The Government is further not required to prove that the Defendant personally committed any act of racketeering activity.

The Government is not required to prove that each conspirator explicitly agreed with every other co-conspirator to commit a RICO offense, knew all of his fellow conspirators, or was aware of all of the details of the conspiracy. Rather, it is required that the Government prove beyond a reasonable doubt that the Defendant knew the general nature and common purpose of the conspiracy, joined in the conspiracy, and that the conspiracy extended beyond his individual role.

The first element that the Government must prove as to Count One is that the members of the conspiracy agreed that an "enterprise" would exist. The enterprise alleged in the Indictment is Michael Lerma Cell of the Mexican Mafia as described above.

An "enterprise" is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the Indictment. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. The name of the organization itself is not an element of the offense and does not have to be proved.

Therefore, the Government must prove beyond a reasonable doubt that this was a group of people: (1) associated for a common purpose of engaging in a course of conduct; (2) that the association of these people was an ongoing formal or informal organization; and (3) the group had longevity sufficient to permit the members and associates of the group to pursue the group's purpose.

The Government need not prove that the enterprise had any particular organizational structure. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, a group of people whose members and associates engage in spurts of activity punctuated by periods of quiescence may still qualify as an "enterprise."

Provided that a group of people satisfies the definition of an "enterprise," internal disputes between members or competing factions within the group for control of the group and its activities, or to enforce rules of the group, or to put an end to dissension or disruptions within the group do not foreclose a finding that the group was an "enterprise."

As to the second element, "interstate commerce" includes the movement of goods, services, money and individuals between states. These goods can be legal or illegal. Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual. It is not necessary to prove that the Defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

Under applicable law, intrastate drug activities have been deemed to have a substantial effect on interstate commerce.

As to the third element of Count One, "to conduct or to participate, directly or indirectly, in the conduct of the affairs of an enterprise" means that a person uses his position in, or association with, the enterprise to perform acts which are involved in some way in the operation or the management of the enterprise, directly or indirectly, or if the person causes another to do so. In

9

order to have conducted or participated in the operations of the affairs of an enterprise, the government does not need to prove that the Defendant participated in all of the activity alleged in Count One.

Additionally, the Government must prove beyond a reasonable doubt that the enterprise was engaged in racketeering activity. "Racketeering activity" means the commission of certain crimes including murder, robbery, extortion, and/or drug trafficking, which are defined below. The government must prove that the enterprise was engaged in at least one of the above cited crimes.

Also, under the third element of Count One, the government must prove a "pattern of racketeering activity" which requires that it establish beyond a reasonable doubt the following:

(1)     at least two acts of racketeering were committed within a period of ten years of each other and all of you must agree on the same two racketeering acts that an individual committed or aided and abetted in committing.

(2)     the acts of racketeering were related to each other, meaning that there was a relationship between or among the acts of racketeering; and

(3)     the acts of racketeering amounted to or posed a threat of continued criminal activity.

With respect to the second item, acts of racketeering are "related" if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics. Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.

Two racketeering *acts* are not necessarily enough to establish a *pattern* of racketeering activity.

### *Murder*

For purposes of Count One, it is important that you understand how the various forms of alleged racketeering activity are defined. Accordingly, I will now instruct you on the law defining the first type of alleged racketeering activity, namely, the crime of murder, in violation of California Penal Code Sections 21a, 31, 182, 187, 189, and 664.

In order for an individual to be guilty of murder, the government must prove each of the following elements beyond a reasonable doubt:

(1)     the individual committed an act that caused the death of another person; and

(2)     when the individual acted, he had a state of mind called "malice aforethought."

There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder. The individual had express malice if he unlawfully intended to kill. The individual had implied malice if:

(1)     He intentionally committed the act;

(2)     The natural and probable consequences of the act were dangerous to human life in that the act involved a high degree of probability that it would result in death;

(3)     At the time he acted, he knew his act was dangerous to human life; and

(4)     He deliberately acted with conscious disregard for human life.

Malice aforethought does not require hatred or ill will toward the victim. It is a mental state that must be formed before the act that causes death is committed. It does not require deliberation or the passage of any particular period of time. An act causes death if the death is the

direct, natural, and probable consequence of the act and the death would not have happened without the act. A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence.

### a. First Degree Murder

In order for an individual to be guilty of first-degree murder, in violation of California Penal Code Section 189, the government must prove the following beyond a reasonable doubt:

The individual acted willfully, deliberately, and with premeditation. The individual acted willfully if he intended to kill. The individual acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The individual acted with premeditation if he decided to kill before completing the acts that caused death.

The length of time the person spends considering whether to kill does not alone determine whether the killing is deliberate and premeditated. The amount of time required for deliberation and premeditation may vary from person to person and according to the circumstances. A decision to kill made rashly, impulsively, or without careful consideration is not deliberate and premeditated. On the other hand, a cold, calculated decision to kill can be reached quickly. The test is the extent of the reflection, not the length of time.

Murder where an individual did not act either willfully, deliberately, or with premeditation is murder in the second degree, in violation of California Penal Code Section 187.

### b. Aiding and Abetting Murder

An individual may be found guilty of murder even if that individual personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

In order for an individual to be guilty of murder by aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:

(1)    a perpetrator committed acts dangerous to human life;

(2)    the perpetrator's acts caused the death of another person;

(3)    the individual knew that the perpetrator intended to commit the acts that were dangerous to human life;

(4)    before or during the commission of the perpetrator's acts, the individual intended to aid and abet the perpetrator in committing the acts that were dangerous to human life;

(5)    before or during the commission of the perpetrator's acts, the individual knew the perpetrator's acts were dangerous to human life, and the defendant deliberately acted with conscious disregard for human life; and

(6)    by words or conduct, the individual did in fact aid and abet the perpetrator's commission of the acts.

If these requirements are proved, the individual does not need to actually have been present when the crime was committed to be guilty as an aider and abettor.

Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime. An act is dangerous to human life if there is a high degree of probability that the act will result in death.

### c. Conspiracy to Commit Murder

I have explained that an individual may be guilty of murder if he either commits the crime or aids and abets the crime. He may also be guilty if he is a member of a conspiracy to commit murder.

The law of conspiracy to commit murder is slightly different from the other types of conspiracies I have already discussed. In order for an individual to be found guilty of the crime of conspiracy to commit murder, the government must prove each of the following elements beyond a reasonable doubt:

(1)  the individual intended to agree and did agree with one or more of the other persons to intentionally and unlawfully kill;

(2)  at the time of the agreement, the individual and one or more of the other alleged members of the conspiracy intended that one or more of them would intentionally and unlawfully kill;

(3)  one of the individuals committed at least one overt act to accomplish the killing; and

(4)  at least one of these overt acts was committed in California.

To decide whether the individual committed an overt act, consider all of the evidence presented about the overt act.

To decide whether the individual and one or more of the other alleged members of the conspiracy intended to commit murder in the first degree, do not consider implied malice. Conspiracy to commit murder requires an intent to kill.

The government must prove that the members of the alleged conspiracy had an agreement and intent to commit murder. The government does not have to prove that any of the members of the alleged conspiracy actually met or came to a detailed or formal agreement to commit that crime. An agreement may be inferred from conduct if you conclude that members of the alleged conspiracy acted with a common purpose to commit the crime.

An overt act is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed upon crime. The overt act must happen after the individual has agreed to commit the crime. The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

A member of a conspiracy does not have to personally know the identity or roles of all the other members. You must make a separate decision as to whether each Defendant was a member of the alleged conspiracy.

Someone who merely accompanies or associates with members of a conspiracy but who does not intend to commit the crime is not a member of the conspiracy.

Evidence that a person did an act or made a statement that helped accomplish the goal of the conspiracy is not enough, by itself, to prove that the person was a member of the conspiracy.

### 2. *Robbery*

I will now instruct you on the law defining the second type of alleged racketeering activity, namely, the crime of robbery, in violation of California Penal Code Sections 21a, 31, 182, 211, 212, 212.5, 213, 215, and 664.

### a. Second-Degree Robbery

In order for an individual to be guilty of second-degree robbery, the government must prove

each of the following elements beyond a reasonable doubt:

(1)    an individual took property that was not his own;

(2)    the property was in the possession of another person;

(3)    the property was taken from the other person or his ~~other~~ immediate presence;

(4)    the property was taken against that person's will;

(5)    the individual used force or fear to take the property or to prevent the person from resisting; and

(6)    when an individual used force or fear, he or she intended to deprive the owner of the property permanently or to remove the property from the owner's possession for so extended a period of time that the owner would be deprived of a major portion of the value or enjoyment of the property.

The individual's intent to take the property must have been formed before or during the time he or she used force or fear. If the individual did not form this required intent until after using the force or fear, then he did not commit robbery.

### b. Attempted Robbery

In order for an individual to be guilty of attempted robbery, the government must prove each of the following elements beyond a reasonable doubt:

First, an individual took a direct but ineffective step toward committing robbery; and Second, the individual intended to commit robbery.

A direct step requires more than merely planning or preparing to commit robbery or obtaining or arranging for something needed to commit robbery. A direct step is one that goes beyond planning or preparation and shows that a person is putting his plan into action. A direct step indicates a definite and unambiguous intent to commit robbery. It is a direct movement towards the commission of the crime after preparations are made. It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not interrupted the attempt.

To decide whether the individual intended to commit robbery, please refer to the separate instructions that I have already given you on that crime.

A person who attempts to commit robbery is guilty of attempted robbery even if, after taking a direct step towards committing the crime, he abandoned further efforts to complete the crime or if his attempt failed or was interrupted by someone or something beyond his control. On the other hand, if a person freely and voluntarily abandons his plans before taking a direct step toward committing robbery, then that person is not guilty of attempted robbery.

### c. Aiding and Abetting Attempted Robbery

An individual may be found guilty of attempted robbery even if that individual personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

The crime of attempted robbery by aiding and abetting is a racketeering act. In order for an individual to be guilty of attempted robbery by aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:

(1)    a perpetrator committed attempted robbery;

(2)    an individual knew that the perpetrator intended to commit the crime;

(3)     before or during the commission of the crime, an individual intended to aid
and abet the perpetrator in committing the crime; and

(4)     an individual's words or conduct did in fact aid and abet the perpetrator's
commission of the crime.

Someone aids and abets a crime of attempted robbery if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage,
or instigate the perpetrator's commission of that crime. If all of these requirements are proved, the individual does not need to actually have been present when the crime was committed to be guilty as an aider and abettor.

### d. Conspiracy to Commit Robbery

I have explained that an individual may be guilty of robbery if he or she either commits the crime or aids and abets the crime. He or she may also be guilty if she is a member of a conspiracy to commit robbery.

In order for an individual to be found guilty of the crime of conspiracy to commit robbery, the government must prove each of the following elements beyond a reasonable doubt:

(1)     the individual intended to agree and did agree with one or more of the other
persons to commit robbery;

(2)     at the time of the agreement, the individual and one or more of the other
alleged members of the conspiracy intended that one or more of them would
commit robbery;

(3)     one of the individuals committed at least one overt act to accomplish
robbery; and

(4)     at least one of these overt acts was committed in California.

To decide whether the individual committed an overt act, consider all of the evidence presented about the overt act. To decide whether the individual and one or more of the other alleged members of the conspiracy intended to commit attempted robbery, please refer to the instruction above, which defines attempted robbery.

The government must prove that the members of the alleged conspiracy had an agreement and intent to commit attempted robbery. The government does not have to prove that any of the members of the alleged conspiracy actually met or came to a detailed or formal agreement to commit that crime. An agreement may be inferred from conduct if you conclude that members of the alleged conspiracy acted with a common purpose to commit the crime.

An overt act is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed upon crime. The overt act must happen after the individual has agreed to commit the crime. The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

A member of a conspiracy does not have to personally know the identity or roles of all the other members. Someone who merely accompanies or associates with members of a conspiracy but who does not intend to commit the crime is not a member of the conspiracy.

Evidence that a person did an act or made a statement that helped accomplish the goal of the conspiracy is not enough, by itself, to prove that the person was a member of the conspiracy.

*3. Extortion*

14

I will now instruct you on the law defining the third type of racketeering activity alleged in the Indictment, namely, extortion, including extortion by threat or force, including attempts and conspiracies to commit extortion, in violation of California Penal Code §§ 21(a), 31, 182, 518, 519, 524, and 664.

In order for an individual to be guilty of extortion by threat or force, the Government must prove each of the following elements beyond a reasonable doubt:

(1)    the individual threatened to unlawfully injure or used force against another person or a third person or the property of another person or a third person;

(2)    when making the threat or using force, the individual intended to use that fear or force to obtain the other person's consent to give the individual money or property;

(3)    as a result of the threat or use of force, the other person consented to give the individual money or property; and

(4)    as a result of the threat or use of force, the other person then gave the individual money or property.

The term "consent" has a special meaning here. Consent for extortion can be coerced or unwilling, as long as it is given as a result of the wrongful use of force or fear.

The threat or use of force must be the controlling reason that the other person consented. If the person consented because of some other controlling reason, the individual is not guilty of extortion.

The threat may involve harm to be inflicted by the Defendant or by someone else.

### b. Attempted Extortion

In order for an individual to be found guilty of the crime of attempted extortion, the Government must prove each of the following elements beyond a reasonable doubt:

(1)    the individual took a direct but ineffective step toward committing extortion by threat or force; and

(2)    the individual intended to commit extortion.

A direct step requires more than merely planning or preparing to commit extortion by threat or force or obtaining or arranging for something needed to commit extortion by threat or force. A direct step is one that goes beyond planning or preparation and shows that a person is putting his plan into action. A direct step indicates a definite and unambiguous intent to commit extortion by threat or force. It is a direct movement towards the commission of the crime after preparations are made. It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not interrupted the attempt.

A person who attempts to commit extortion is guilty of attempted extortion even if, after taking a direct step towards committing the crime, he or she abandoned further efforts to complete the crime or if his attempt failed or was interrupted by someone or something beyond his control. On the other hand, if a person freely and voluntarily abandons his plans before taking a direct step toward committing extortion, then that person is not guilty of attempted extortion.

To decide whether the individual intended to commit extortion, please refer to the separate instructions that I have given you on that crime.

### c. Aiding and Abetting Extortion

An individual may be found guilty of attempted extortion even if that individual personally

did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime.

In order for an individual to be guilty of attempted extortion by aiding and abetting, the government must prove each of the following elements beyond a reasonable doubt:

(1)    a perpetrator committed attempted extortion;
(2)    the individual knew that the perpetrator intended to commit the crime;
(3)    before or during the commission of the crime, the individual intended to aid and abet the perpetrator in committing the crime; and
(4)    the individual's words or conduct did in fact aid and abet the perpetrator's commission of the crime.

Someone aids and abets a crime of attempted extortion if he or she knows of the individual's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime. If all of these requirements are proved, the individual does not need to actually have been present when the crime was committed to be guilty as an aider and abettor.

### d. Conspiracy to Commit Extortion

I have explained that an individual may be guilty of a crime if he either commits the crime or aids and abets the crime. He may also be guilty if he is a member of a conspiracy. The crime of conspiracy to commit extortion is a racketeering act. The law of conspiracy to commit extortion is slightly different from the other types of conspiracies I have already discussed. In order for an individual to be found guilty of the crime of conspiracy to commit extortion, the government must prove each of the following elements beyond a reasonable doubt:

(1)    the individual intended to agree and did agree with one or more of the other defendants to commit extortion by threat or force;
(2)    at the time of the agreement, the individual and one or more of the other alleged members of the conspiracy intended that one or more of them would commit extortion by threat or force; and
(3)    one of the individuals committed at least one overt act to accomplish extortion.

To decide whether an individual committed any overt acts, consider all of the evidence presented about the acts. To decide whether an individual and one or more of the other alleged members of the conspiracy intended to commit extortion, please refer to the separate instructions that I have given you on that crime.

The government must prove that the members of the alleged conspiracy had an agreement and intent to commit extortion. The government does not have to prove that any of the members of the alleged conspiracy actually met or came to a detailed or formal agreement to commit the crime of extortion. An agreement may be inferred from conduct if you conclude that members of the alleged conspiracy acted with a common purpose to commit the crime.

An overt act is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed upon crime. The overt act must happen after the individual has agreed to commit the crime. The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself.

You must all agree that at least one alleged overt act was committed by at least one alleged member of the conspiracy, but you do not have to all agree on which specific overt act or acts were committed or who committed the overt act or acts.

You must make a separate decision as to whether each Defendant was a member of the alleged conspiracy. A member of a conspiracy does not have to personally know the identity or roles of all the other members.

Someone who merely accompanies or associates with members of a conspiracy but who does not intend to commit the crime is not a member of the conspiracy. Evidence that a person did an act or made a statement that helped accomplish the goal of the conspiracy is not enough, by itself, to prove that the person was a member of the conspiracy.

### 4. *Drug Trafficking*

I will now instruct you on the law defining a fourth type of racketeering activity alleged in the Indictment, namely, certain drug-trafficking offenses that violate federal law. The crimes of possession with intent to distribute and conspiracy to distribute a controlled substance are racketeering offenses.

In order for an individual to be guilty of possession of a controlled substance with intent to distribute, the government must prove each of the following elements beyond a reasonable doubt:

First, the individual knowingly possessed any controlled substance; and

Second, the individual possessed it with the intent to distribute to another person.

"Knowingly" is defined previously on page 7 of these instructions.

It does not matter whether the individual knew that the substance was a particular controlled substance, such as methamphetamine. It is sufficient that the individual knew that it was some kind of a federally controlled substance.

To "possess with the intent to distribute" means to possess with intent to deliver or transfer possession of the controlled substance to another person, with or without any financial interest in the transaction.

A person has "possession" of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

In order for an individual to be guilty of conspiring to possess with intent to distribute and distribute a controlled substance, the government must prove each of the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to possess with intent to distribute or distribute a controlled substance; and

Second, the individual joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

For this conspiracy offense, no proof of an overt act is required. I previously defined for you the legal definition of "conspiracy." I instruct you that methamphetamine and heroin are controlled substances.

All of you must agree on the same two racketeering acts that an individual committed or aided and abetted in committing.

### C. Count Seven – Murder in Aid of Racketeering

Defendants Michael Lerma, Carlos Gonzalez, Juan Sanchez, and Jose Valencia Gonzalez

are charged in Count Seven of the indictment with committing a crime of violence, specifically, each aiding and abetting the others, willfully, deliberately, and with premeditation and malice aforethought, unlawfully murdering Steve Bencom in aid of a racketeering enterprise in violation of Section 1959 of Title 18 of the United States Code. For a Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to that Defendant:

    (1)    on a date unknown to on or about October 14, 2021, an enterprise affecting interstate commerce, namely the Michael Lerma Cell of the Mexican Mafia, existed;

    (2)    the enterprise engaged in racketeering activity as defined above;

    (3)    the Defendant committed the following crime of violence: each aiding and abetting the others, willfully, deliberately, and with premeditation and malice aforethought, unlawfully murdering Steve Bencom as defined above; and

    (4)    the Defendant's purpose in committing the crime of violence was to gain entrance to, or to maintain, or to increase his position in the enterprise.

Additionally, as to the fourth element that the government must prove beyond a reasonable doubt as to Count Seven is that the Defendant's purpose was to gain entrance to, or to maintain, or to increase his position in the enterprise.

It is not necessary for the government to prove that this motive was the Defendant's sole or even primary purpose, in committing the charged crime. You need only find that enhancing his status in the Michael Lerma Cell of the Mexican Mafia was a substantial purpose of the Defendant or that he committed the charged crime as an integral aspect of membership in the Michael Lerma Cell of the Mexican Mafia.

In determining the Defendant's purpose in committing the alleged crime, you must determine what he had in mind. Because you cannot look into a person's mind, you have to determine purpose by considering all the facts and circumstances before you.

### D. Count Eight – Murder within the Territorial Jurisdiction of the United States

Defendants Michael Lerma, Carlos Gonzalez, Juan Sanchez, and Jose Valencia Gonzalez are charged in Count Eight of the indictment with murder in the first degree in violation of Section 1111 of Title 18 of the United States Code. For a Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to that defendant:

    (1)    the Defendant unlawfully killed Steve Bencom;

    (2)    the Defendant killed Steve Bencom with malice aforethought;

    (3)    the killing was premeditated; and

    (4)    killing occurred at Metropolitan Detention Center – Los Angeles, which is within the special maritime and territorial jurisdiction of the United States.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for a killer to have been fully conscious of the intent

and to have considered the killing.

### E.  Count Ten – Conspiracy to Possess with Intent to Distribute Controlled Substances

Defendants Michael Lerma and Jose Valencia Gonzalez are charged in Count Ten of the Indictment with conspiracy to distribute methamphetamine and/or heroin, in violation of Section 841(a) and Section 846 of Title 21 of the United States Code.  For a Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)     beginning an unknown date and ending on or about October 14, 2021, there was an agreement between two or more persons to distribute methamphetamine and/or heroin; and

(2)     the Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

### F.  Count Seventeen – Possession of a Firearm and/or Ammunition by a Felon

Defendant Jose Valencia Gonzalez is charged in Count Seventeen of the indictment with possession of a firearm and ammunition.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)     the Defendant knowingly possessed a Colt Model Mustang Mark IV Series 80, .380 caliber semi-automatic pistol, bearing serial number MU58634, and/or seven rounds of Winchester .380 caliber ammunition;

(2)     the Colt Model Mustang Mark IV Series 80, .380 caliber semi-automatic pistol, bearing serial number MU58634, and/or seven rounds of Winchester .380 caliber ammunition had been transported from one state to another, or between a foreign nation and the United States;

(3)     at the time the Defendant possessed the Colt Model Mustang Mark IV Series 80, .380 caliber semi-automatic pistol, bearing serial number MU58634, and/or seven rounds of Winchester .380 caliber ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Defendant stipulates that on July 14, 2013, he was convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4)     at the time the Defendant possessed the Colt Model Mustang Mark IV Series 80, .380 caliber semi-automatic pistol, bearing serial number MU58634, and/or seven rounds of Winchester .380 caliber ammunition, the Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

"Possession" is defined above at page 17.

### G.  Count Eighteen – Possession of a Firearm and/or Ammunition by a Felon

Defendant Carlos Gonzalez is charged in Count Eighteen of the indictment with possession of a firearm and ammunition.  For the Defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

(1)     First, the Defendant knowingly possessed a Walther model PPK .380 caliber semi-automatic pistol, bearing serial number 060360, and/or seven

rounds of Winchester .380 caliber ammunition, and/or one round of CCI/Speer .380 caliber ammunition;

(2) the Walther model PPK .380 caliber semi-automatic pistol, bearing serial number 060360, and/or seven rounds of Winchester .380 caliber ammunition, and/or one round of CCI/Speer .380 caliber ammunition had been transported from one state to another, or between a foreign nation and the United States;

(3) at the time the Defendant possessed the Walther model PPK .380 caliber semi-automatic pistol, bearing serial number 060360, and/or seven rounds of Winchester .380 caliber ammunition, and/or one round of CCI/Speer .380 caliber ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Defendant stipulates that on October 17, 2013 through October 28, 2013, the Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) at the time the Defendant possessed the Walther model PPK .380 caliber semi-automatic pistol, bearing serial number 060360, and/or seven rounds of Winchester .380 caliber ammunition, and/or one round of CCI/Speer .380 caliber ammunition, the Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

"Possession" is defined above at page 17.

### H.  Count Nineteen - Possession of a Firearm and/or Ammunition by a Felon

Defendant Juan Sanchez is charged in Count Nineteen of the indictment with possession of a firearm. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*[handwritten margin note: and/n ammunition]*

(1) the defendant knowingly possessed a Rohm model RG-12 .22 caliber revolver, bearing serial number 52469, and/or six rounds of Winchester .22 caliber ammunition.

(2) the Rohm model RG-12 .22 caliber revolver, bearing serial number 52469, and/or six rounds of Winchester .22 caliber ammunition had been transported from one state to another, or between a foreign nation and the United States;

(3) at the time the Defendant possessed the Rohm model RG-12 .22 caliber revolver, bearing serial number 52469, and/or six rounds of Winchester .22 caliber ammunition, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. The Defendant stipulates that on May 8, 2015, the defendant was convicted of a crime punishable by imprisonment for a term exceeding one year; and

(4) at the time the Defendant possessed the Rohm model RG- 12 .22 caliber revolver, bearing serial number 52469, and/or six rounds of Winchester .22 caliber ammunition, the Defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

"Possession" is defined above at page 17.

## III. Concluding Instructions

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. However, if recollections differ as to what a witness said, the Court will consider requests for a readback of the testimony.

The punishment provided by law for the crimes involved in this case is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against any of the Defendants beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.