BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
Assistant United States Attorney
Deputy Chief, General Crimes Section
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorney
Major Crimes Section
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorney
Transnational Organized Crime Section
    1200/1300/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238/8408/7962
    Facsimile: (213) 894-3713
    E-mail:    kyle.kahan@usdoj.gov
                kellye.ng@usdoj.gov
                jason.gorn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:18-00172(A)-GW-1 |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S OPPOSITION TO DEFENDANTS' APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM (DKTS. 1840)</u> |
| v. | |
| MICHAEL LERMA, *et al.*, | |
| [#1 MICHAEL LERMA] | Hearing Date: January 5, 2026 |
| Defendant. | Hearing Time: 8:00 a.m.<br>Location:    Courtroom of the Hon. George H. Wu |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan, Kellye Ng, and Jason A. Gorn, hereby files its opposition to defendant Michael Lerma's application for a writ of habeas corpus ad

testificandum for Arthur Estrada, also known as "Turi."  (Dkts. 1835, 1836.)

This opposition is based upon the attached memorandum of points and authorities, and the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 3, 2025           Respectfully submitted,

                                  BILAL A. ESSAYLI
                                  First Assistant United States
                                  Attorney

                                  ALEXANDER B. SCHWAB
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                        /s/
                                  KYLE W. KAHAN
                                  KELLYE NG
                                  JASON A. GORN
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND PROCEDURAL POSTURE**

Defendants Michael Lerma, Carlos Gonzalez, Jose Valencia Gonzalez, and Juan Sanchez were convicted by a federal jury of RICO Conspiracy, drug trafficking, firearm offenses, and the brutal first-degree murder of S.B. at the Los Angeles Metropolitan Detention Center on behalf of the Michael Lerma Cell of the Mexican Mafia.  On September 21, 2025, defendants filed motions for new trial pursuant to Federal Rule of Criminal Procedure 33.  (Dkts. 1802, 1803, 1804.)

In his motion, defendant Michael Lerma alleged the discovery of new evidence warranted a new trial.  (Dkt. 1804.)  The relevant new evidence consisted of: (1) a declaration by counsel regarding the discovery that a non-percipient witness, Arthur "Turi" Estrada, was alive; and (2) non-sworn statements by Estrada regarding information government witness CW-1 testified to at trial.  (Id. at 10-11, 20.)  The government opposed defendant's motion in an omnibus filing.  (Dkt. 1821.)  On November 24, defendant Lerma filed a reply in support of his initial motion.  (Dkt. 1834.)

On December 2, 2025, defendant Lerma filed an ex parte application with this Court requesting a writ of habeas corpus ad testificandum to produce Estrada for the January 5 hearing.

**II.   ARGUMENT**

The application for a writ should be denied.  As explained in the omnibus opposition, an evidentiary hearing is unnecessary because defendant Lerma has failed to demonstrate that the "newly discovered evidence," is, in fact, newly discovered evidence warranting a new trial.  (Dkt 1821. at 35-40.)

To constitute newly discovered evidence warranting a new trial, a defendant must satisfy a five-part test. The relevant factors include: (1) the evidence must be newly discovered; (2) the failure to discover it sooner cannot be due to lack of diligence; (3) it must be material; (4) it cannot be cumulative or merely impeaching; and (5) the introduction of the evidence would probably result in an acquittal at new trial. United States v. Kulcyzk, 931 F.2d 542, 548 (9th Cir. 1991).

The government adopts the arguments it made in its omnibus opposition in support of its opposition to the writ applications. Specifically, they include:

1. The evidence is not newly discovered. (See Dkt. 1821 at 36-37.) Contrary to counsel's initial belief, Mr. Estrada is not dead. He is very much alive and was alive from when the government indicted defendant Lerma to the moment the jury convicted him. Counsel's failure to confirm whether an incarcerated inmate was alive or dead shows a lack of diligence, especially when the proffered evidence could have been obtained at any time. See United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005); United States v. Valverde-Rumbo, 2017 WL 3895789, at *7 (N.D. Cal. Sept. 6, 2017).

3. The evidence is immaterial impeachment evidence that would not result in an acquittal. See United States v. Davis, 960 F.2d 820, 825 (9th Cir. 1992); (see also Dkt. 1821. at 37-40). Mr. Estrada's unsworn statements would only serve to impeach CW-1's testimony regarding the creation of a roster of Mexican Mafia members.

Because defendant Lerma cannot satisfy the five-part test, an evidentiary hearing with testimony by Estrada is unnecessary. This Court should deny the application for a writ.

### III. CONCLUSION

For the above reasons and the incorporated arguments from the government's omnibus opposition to defendant Lerma's motion for a new trial, the government respectfully requests this Court deny defendant Lerma's application for a writ of habeas corpus ad testificandum for Arthur "Turi" Estrada.