UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 18-172-GW | Date | December 10, 2025 |
|---|---|---|---|

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | NONE |

| Javier Gonzalez | None Present | Kyle W. Kahan - not present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. Michael Lerma | not | ✔ | | 1. Marry B. Derby, CJA; Joel M. Furman, CJA | not | ✔ | |
| 6. Carlos Gonzalez | not | ✔ | | 6. Kenneth M. Miller, CJA; Richard G. Novak, CJA | not | ✔ | |
| 7. Juan Sanchez | not | ✔ | | 7. Richard P. Lasting, CJA; Charles P. Diamond, CJA | not | ✔ | |
| 8. Jose Valencia Gonzalez | not | ✔ | | 8. Daniel A. Nardoni, CJA; Shaun Khojyan, CJA | not | ✔ | |

**PROCEEDINGS:    IN CHAMBERS - RULING ON APPLICATIONS FOR WRIT OF HABEAS CORPUS [1835, 1836, 1840]**

   The Court has received the following motions for a new trial: (1) from defendant Juan Sanchez (and joint by the other Defendants) (Docket No. 1802), (2) from defendant Carlos Gonzalez ("Gonzalez Motion," Docket No. 1803), and (3) from defendant Michael Lerma ("Lerma Motion," Docket No. 1804).
   In his Motion, Gonzalez alleges, *inter alia*, that he has newly discovered evidence consisting of statements by Johnny G. Macias and Daniel Navarro – who are inmates at the Metropolitan Detention Center ("MDC"), where the murder of Steve Bencom (for whom the Defendants were convicted at trial) occurred. Docket No. 1803. Both Macias and Navarro in sworn affidavits claim that Jose Martinez (who was Bencom's cellmate at the time of the murder, and who was one of the primary witnesses against the Defendants) told each of them separately that he had murdered Bencom. Both Gonzalez and his counsel represent that they were unaware of Macias and/or Navarro's knowledge/potential testimony until months after the trial. Gonzalez has filed applications for writ of habeas corpus as to both Macias and Navarro so they can testify at the hearing on the motion for a new trial. Docket Nos. 1835-36.
   In support of his Motion, Lerma also includes the statements from Macias and Navarro as newly discovered evidence. Docket No. 1804. Additionally, at the trial, the Government produced a number of witnesses to establish Lerma's membership and position in the Mexican Mafia, one of whom was "M.L." M.L. testified, *inter alia*, that he was given a list of Mexican Mafia members (including their names and locations) by Arthur Estrada who was in a leadership position with the gang. M.L. indicated that Lerma was on the list. Lerma's counsel states that it was not until after the trial that she contacted Estrada who informed her that he would have never made or authorized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

a written list nor had he ever transmitted such a list either in writing or verbally to another person. Said counsel explains that prior to and through the trial, Lerma's counsel "were under the assumption that Arthur Estrada was deceased. We are not sure how we came to believe this." Docket No. 1804 at 20. Lerma has filed an application for writ of habeas corpus as to Estrada for the hearing on the motion for a new trial. Docket No. 1840.

The Government has filed an "omnibus" opposition to the motions for a new trial (*see* Docket No. 1821) and oppositions to the applications for writ of habeas corpus. Docket Nos. 1839, 1841. Gonzalez has filed a response to the Government's opposition to his application. Docket No. 1842.

The habeas applications are generated by the portions of the motions for a new trial which concern purported newly discovered evidence. Fed. R. Crim. P. 33(a) states: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." As established in the Ninth Circuit, there is a five-pronged test for obtaining a new trial based upon newly-discovered evidence: (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in acquittal. *See United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005); *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991); *see also United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (*en banc*) (citing *Harrington* with approval).

As to the habeas applications for Macias and Navarro, the Court finds that Defendants' concomitant motions for a new trial based on newly discovered evidence are not so deficient that the scheduled hearing should not be held or that the testimony of Macias and/or Navarro would not possibly contribute to the resolution of the relevant issues. Thus, the Court will grant the writs as to said inmate witnesses. As to the habeas application for Estrada, the Court finds that Lerma's concomitant motion for a new trial based on newly discovered evidence which is sourced to Estrada does not meet the *Harrington* criteria (in particular the second, fourth and fifth elements) such that it will not grant said application. First, Lerma has not established that the failure to discover and speak to Estrada was not the result of lack of diligence. Defense counsel admits that they were not misinformed or mislead by the Government into believing that Estrada was dead. They fail to present any explanation which would show that they engaged in some timely diligence in regards to Estrada. Second, Lerma's membership in and his authority over parts of the Mexican Mafia came from a number of witnesses, not just from M.L. Thus, not only would Estrada's evidence (if believe) have been merely impeaching on a portion of M.L.'s testimony, but even that portion was cumulative to evidence/testimony from other witnesses. Finally, even assuming everything that is contained in Estrada's purported statements was presented to (and found credible by) the jury at trial, there is no reason to believe that it would probably result in an acquittal. In light of the above, the Court would deny the habeas application as to Estrada.

|  | : |
|---|---|
| Initials of Deputy Clerk | JG |