Marri Derby, State Bar Number 107209
Law Office of Marri Derby, APC
23 Corporate Plaza, Ste. 150
Newport Beach, CA 92660
marri@marriderbylaw.com
Phone: (949) 478-5084
Fax: (949) 608-7034

Joel Furman, State Bar Number 282222
Law Office of Joel Furman
1432 Edinger Ave. Ste. 240
Tustin, CA 92780
Joelfurmanlaw@gmail.com
Phone: (949) 887-2397


Attorneys for Defendant Michael Lerma

## United States District Court
### For The Central District of California

|  |  |
|---|---|
| United States of America, | ) Case No 18 CR 172-GW |
|         Plaintiff, | ) |
|  | ) **EX PARTE APPLICATION FOR AN** |
|       v. | ) **ORDER DIRECTING THE** |
|  | ) **GOVERNMENT TO DISCLOSE** |
| Michael Lerma, | ) **DISCOVERY REGARDING WITNESS** |
|  | ) **JM; DECLARATION OF COUNSEL** |
|         Defendant. | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

TO THE HONORABLE GEORGE WU, CENTRAL DISTRICT JUDGE AND THE UNITED STATES ATTORNEY'S OFFICE:

DEFENDANT MICHAEL LERMA, through counsel, requests this Court issue an order for the government to disclose exculpatory evidence regarding witness Jose Martinez, "Slim".

1         This motion is based on the Memorandum of Points and Authorities

2    and Declaration of Counsel.

3

4    Dated: January 20, 2026          Respectfully Submitted,

5

6

7                                 /s/ Marri Derby

8                           Marri Derby

9                           Joel Furman

                         Attorneys for Michael Lerma

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Following jury trial, Defendants were convicted of RICO Conspiracy  by engaging in the crime of murder, extortion and drug trafficking (Count 1); Murder; and other related charges. Post trial, Defendant filed a motion for new trial based partially upon the discovery of new evidence. A hearing is scheduled this Thursday, January 22nd, for this Court to hear from two witnesses who will presumably testify that prosecution witness Jose Martinez (JM) confessed to the murder for which Defendants were convicted

## II.    RELEVANT STATEMENT OF FACTS

Post filing of the Rule 33 motions, counsel became aware of a pending supervised release violation hearing for government witness JM. The notice of revocation for JM referred to him as a "hospitalized defendant". Additionally, the detention order for JM listed JM's recent arrest for robbery as a reason for detention.

Counsel for Lerma emailed discovery requests to the government seeking the medical records of JM from his recent hospitalization and the police reports for his recent robbery arrest. Counsel informed the government that the requested materials were relevant to the Rule 33 motion, as the discovery would bolster the defense that JM committed the murders in a violent, and/or drug induced mania. This lends credence to the Rule 33 witnesses who declared that JM confessed to them that he murdered Mr. Bencom.

The government responded that it believes the requested items are not discoverable post-trial and are not relevant. (See Declaration of Marri Derby.)

## III.  MEMORANDUM OF POINTS AND AUTHORITIES

The government has an obligation to provide exculpatory evidence under *Brady* (*Brady v Maryland*, 373 U.S. 83 (1963)) and the Due Process clause of the United States Constitution. The discovery requested is exculpatory and directly related to the pending Rule 33 motion. The basis of the defendants' Rule 33 motion is that government witness JM lied during his testimony; that JM killed Bencom in a drug induced mania; and JM later confessed to the killing.

Defendant requested discovery related to JM's recent hospitalization. Criminal defendants who are hospitalized after their arrest are typically hospitalized due to illness from drug detoxification resulting from extreme drug usage and addiction.  If this is the cause of JM's hospitalization, this evidence is material and relevant to show that:

- JM used drugs at the time of the homicide;

- JM continued to use drugs to such an extent that he cannot maintain sobriety while on Supervised Release; and,

- JM had to be hospitalized to detox from extreme drug usage.

- The medical records could show use of spice and mental health issues, obviously relevant to the defense that JM killed Bencom in a drug induced mania.

The police reports for JM's recent arrest for robbery are relevant to show that JM is violent. The reports are especially relevant if JM used a knife or attempted to strangle someone during the robbery.

The government maintains the materials are not discoverable post-trial. The government is wrong. Aside from *Brady* and the Due Process clause, Rule 33 of the Federal Rules of Criminal Procedure authorizes the Court "upon the defendant's motion, [to] vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  It is in

the interests of justice for this court to order disclosure of the requested discovery.

Finally, legal ethics require the government to disclose exculpatory evidence obtained after conviction. Rule 3.8(g) of the ABA's Model Rules of Professional conduct provides when a prosecutor "knows of new, credible and material evidence creating a reasonable likelihood that a convicted defendant did not commit an offense of which the defendant was convicted", it must be disclosed. (See also *Imbler v. Pachtman, District Attorney*, 424 U.S. 409, 427, N. 25 (1976).)

Dated: January 20, 2026                    Respectfully Submitted,


                                           /s/ Marri Derby
                                           Marri Derby
                                           Joel Furman
                                           **Attorneys for Michael Lerma**

1
2
3
4
## DECLARATION OF MARRI DERBY
5
6      I, Marri Derby, declare:

7  1.  I am an attorney licensed to practice law in the State of California and the
8      Ninth Circuit. I was appointed to represent Defendant Lerma pursuant to
9      the Criminal Justice Act.

10 2.  On January 14, 2026, I emailed the assigned AUSA's (Kyle Kahan, Jason
11     Gorn and Kellye Ng) a discovery request. I indicated that the notice of
12     revocation of supervised release for JM referred to him as a "hospitalized
13     defendant". I asked the government to provide the medical records of Mr.
14     Martinez for his recent hospitalization as the records were relevant to
15     show drug abuse, use of spice, and mental health issues. I also asked the
16     government to provide the police reports and case related documents for
17     Mr. Martinez' recent arrest for robbery and any other arrests since his
18     release from custody on this case. AUSA Kyle Kahan responded, "We do
19     not believe these items are discoverable post-trial or relevant to the
20     defense at this posture based on your proffered reason." He also indicated
21     they were not in possession of JM's medical records and reiterated he did
22     not believe they were discoverable.

23 3.  On January 20, 2026, I again emailed the assigned AUSA's, again asking
24     for the discovery. I included additional indicia of relevancy (as stated in
25     this application). The government responded that they maintain their
26     position that the materials are not discoverable.

27
28

4.     I declare the above to the best of my knowledge and belief that the foregoing is true and correct and that this declaration is executed at Laguna Beach, California, on January 20, 2025.

*/s/Marri Derby*

Marri Derby

Attorney for Michael Lerma