TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
KELLYE NG (Cal. Bar No. 313051)
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorneys
    1400/1300/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2238/8408/7962
    Facsimile: (213) 894-0142
    E-mail:   kyle.kahan@usdoj.gov
               kellye.ng@usdoj.gov
               jason.gorn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:18-00172(A)-GW |
| Plaintiff, | GOVERNMENT'S BRIEF IN RESPONSE TO DEFENSE WITNESS JOHNNY MACIAS'S AVAILABILITY |
| v. | |
| MICHAEL LERMA, *et al.*, | Trial Date: February 12, 2026 |
| Defendants. | Trial Time: 8:00 a.m. |
| | Location: Courtroom of the Hon. George Wu |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan, Kellye Ng, and Jason A. Gorn, hereby submits the government's brief in response to defense witness Johnny Macias's notice as to his availability (Dkt. 1904).

///

///

This response is based on the attached brief, exhibits, declaration, and the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 11, 2026           Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


*/s/*
KYLE W. KAHAN
KELLYE NG
JASON A. GORN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

For the February 12, 2026 evidentiary hearing on defendants' motion for a new trial, defendants intend to call as a witness Johnny Macias, a pretrial inmate whose own underlying drug and firearm trial is set to begin April 6, 2026. See United States v. Macias, No. 8:22-CR-00132-JWH (Dkt. 69).

Counsel for witness Macias notified the Court that if Mr. Macias is called to testify in the matter of United States v. Lerma, *et al.*, No. 2:18-CR-00172(A)-GW, Mr. Macias would assert his Fifth Amendment privilege to remain silent to avoid incriminating himself. (Dkt. 1904 at 3.)

To sustain a claim of Fifth Amendment privilege, "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. 479, 486-87 (1951).

Defendants cannot compel Mr. Macias to waive his Fifth Amendment privilege. "An accused's right to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive his fifth amendment privilege." United States v. Moore, 682 F.2d 853, 856 (9th Cir. 1982).

Upon examination, should Mr. Macias assert his Fifth Amendment privilege against self-incrimination, the government respectfully urges this Court to consider counsel's questions on a question-by-question basis, rather than allowing Mr. Macias to assert a blanket Fifth Amendment privilege. See United States v. Pierce, 561 F.2d 725, 741 (9th Cir. 1977) (reasoning because a court usually "cannot

3

speculate and say that any response to all possible questions would or would not tend to incriminate the witness," "a blanket refusal to answer any question is unacceptable"); Moore, 682 F.2d at 857 (holding district court erred when it accepted a witness's blanket refusal to testify).

In other words, the Court must require the witness to assert the privilege in response to specific questions. "Even when the District Court is satisfied that the witness has a valid Fifth Amendment claim with regard to some issues, the court must permit questioning to establish the scope of the witness's claim and to determine whether there are other issues as to which the witness would not be able to assert the privilege." United States v. Tsui, 646 F.2d 365, 167 (9th Cir. 1981) (citing Pierce, 561 F.2d at 741).

The Ninth Circuit has recognized only one exception to the Pierce rule: namely, where based on the trial court's knowledge of the case and of the testimony expected from the witness, the trial court can conclude that a witness could 'legitimately refuse to answer essentially all relevant questions.'" Tsui, 646 F.2d at 367-68 (holding district court did not abuse its discretion in allowing blanket privilege given the posture of the facts in that case where it was evident the witness was "up to his neck" in criminal investigations and the line of questioning would likely furnish a link in the chain to prosecute him); see also United States v. Cowser, 2021 WL 5493411, at *1 (9th Cir. Nov. 23, 2021) (holding district court properly allowed witness to invoke blanket privilege where, based on its knowledge of the case and testimony expected from the witness, the witness's statements would be "in all probability" incriminating, including prior sworn statements possibly subjecting

4

witness to perjury prosecution).

However, the Ninth Circuit has cautioned that this exception is a "narrow one, only applicable where the trial judge has some special or extensive knowledge of the case that allows evaluation of the claimed fifth amendment privilege even in the absence of specific questions to the witness." Moore, 682 F.2d at 856.

While this Court has extensive knowledge of the present case, it is not the presiding court over witness Macias's pending criminal case, and therefore, likely has less familiarity with the circumstances of witness Macias's case. Therefore, in an abundance of caution, the government respectfully requests that this Court evaluate counsel's questions posed to witness Macias on a question-by-question basis. See Pierce, 561 F.2d at 741.

The government reserves the right to cross-examine witness Macias regarding his incentives to testify for the defense, the circumstances underlying his signing of the declaration (Dkt. 1803 at 13-14), and his credibility. Considering witness Macias's concerns regarding self-incrimination, the government can tailor its questions so that it does not inquire about witness Macias's pending criminal matter.

Finally, should Mr. Macias refuse to testify about the substance in and circumstances surrounding his declaration filed in support of defendants' motion for a new trial, the government will move to strike his declaration.

5